# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**WANDA M.,**
**Petitioner below, Petitioner**

**FILED**
**February 2, 2023**

EDYTHE NASH GAISER, CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

**vs.)  No. 22-ICA-118** (Fam. Ct. Roane Cnty. No. 22-D-54)

**PHILIP G.,**
**Respondent below, Respondent**

## MEMORANDUM DECISION

Petitioner Wanda M.[1] appeals the "Order Denying Grandparent Visitation" entered by the Family Court of Roane County on August 22, 2022. Wanda M. asserts multiple assignments of error, but they can be distilled into one issue: that the family court's findings were inconsistent with its ruling. Respondent Philip G. did not file a response.[2]

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2022). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds that there is error in the lower tribunal's decision but no substantial question of law. This case satisfies the "limited circumstances" requirement of Rule 21 of the Rules of Appellate Procedure for resolution in a memorandum decision. For the reasons set forth below, the family court's decision is vacated, and this case is remanded for further proceedings consistent with this decision.

Wanda M. is the maternal grandmother of the thirteen-year-old child shared between her deceased daughter and Philip G.[3] Wanda M. lives in Atlanta, Georgia, and filed an emergency petition for grandparent visitation because Philip G. planned to relocate from West Virginia to New York with the minor child. During the hearing, Wanda M. presented evidence that she shares a substantial bond with the child, has been involved in his life since birth, and that the child lived with her for seven months in 2020. Further, she testified that the child has learning disabilities and that, after she spent a significant amount

---

[1] To protect the confidentiality of the juveniles involved in this case, we refer to the parties' last name by the first initial. *See, e.g.,* W. Va. R. App. P. 40(e); *State v. Edward Charles L.,* 183 W. Va. 641, 645 n.1, 398 S.E.2d 123, 127 n.1 (1990).

[2] Wanda M. is self-represented.

[3] The parents divorced in 2021, prior to the mother's passing in May 2022.

of money on a specialized education program, the child went from being unable to read to a second grade reading level in a short time frame. Wanda M. also presented evidence that she has bought the child gifts, taken him on vacation, called him regularly, and purchased Philip G. a car. Philip G. testified that he would do whatever the child wanted with regard to visiting Wanda M., but stated that he was unable to drive to Atlanta for visitation.

The family court made findings that Philip G. has actively discouraged the minor child from visiting Wanda M., that Wanda M. has gone out of her way to establish a relationship with the child, that the child has an unnatural fear of visiting Wanda M. in Atlanta unless Philip G. is present, and that Philip G. is "directly at fault" for causing the minor child's unnatural fear. Despite multiple findings in Wanda M.'s favor, the family court denied grandparent visitation because "it would not be healthy to make the minor child go to Atlanta by himself" to visit Wanda M. The family court's conclusion appears contrary to its findings.

In addition to making contradictory findings and conclusions, the family court failed to make specific findings of fact regarding the thirteen grandparent visitation factors set forth in West Virginia Code § 48-10-502 (2001). In *Turley v. Keesee*, 218 W. Va. 231, 234, 624 S.E.2d 578, 581 (2005), the Supreme Court of Appeals explained that "the Legislature has gone to great lengths to enumerate the factors listed in W. Va. Code § 48-10-502." The Court further stated, "[t]he family court must thoroughly evaluate how each factor applies to the specific facts and allegations contained in the case before it." *Id*.

The Supreme Court's ruling in *Turley* is consistent with the general rule that a lower court's order "must be sufficient to indicate the factual and legal basis for the [court's] ultimate conclusion so as to facilitate a meaningful review of the issues presented." *Province v. Province*, 196 W. Va. 473, 483, 473 S.E.2d 894, 904 (1996). "Where the lower tribunals fail to meet this standard—i.e., making only general conclusory or inexact findings—we must vacate the judgment and remand the case for further findings and development." *Id*.

A review of the record shows that the family court erred by making contradictory findings and conclusions and by not making findings of fact with regard to the factors set forth in West Virginia Code § 48-10-502. Accordingly, we vacate the August 22, 2022, order and remand this case to the Family Court of Roane County for further proceedings consistent with this decision. The Clerk of this Court is hereby directed to issue the mandate contemporaneously.

Vacated and Remanded.

**ISSUED:** February 2, 2023

**CONCURRED IN BY:**

Chief Judge Daniel W. Greear
Judge Thomas E. Scarr
Judge Charles O. Lorensen